IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William E. Colon, ) | C. A. No. 2:04-22294-24AJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Jo Anne Barnhart, Commissioner) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, William E. Colon, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits on April 15, 2002, alleging that he became unable to work on June 13, 2001, due to degenerative arthritis of both knees. The application was denied initially and on reconsideration by the Social Security Administration. On January 17, 2003, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with counsel and John Ungaro, a vocational expert, considered the case de novo, and on February 19, 2004, found that the plaintiff was not under a disability as defined in the Social Security Act, as

amended. The administrative law judge's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on September 3, 2004.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since his alleged onset date, June 13, 2001.
>
> 3. The claimant's has severe impairments as defined in the Social Security Regulations 20 CFR § 404.1520(c).
>
> 4. The claimant's severe impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant has a residual functional capacity for sedentary work.
>
> 7. The claimant is unable to perform his past relevant work (20 CFR § 404.1565).
>
> 8. On his alleged onset date, the claimant was 50 years old which is defined as an "individual closely approaching advanced age" (20 CFR § 404.1563).
>
> 9. The claimant has a "high school education" (20 CFR § 404.1564).
>
> 10. The claimant has transferable skills from his prior skilled work (20 CFR § 404.1568).

>   11. The claimant has the residual functional capacity to perform a significant range of sedentary work (20 CFR § 404.1567).
>
>   12. There are a significant number of jobs in the national economy that he could perform with the transfer of his skills. Examples of such jobs include the following: sorter; assembler; radio dispatcher; and information clerk.
>
>   13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

Tr. 22-23.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant

work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

**ARGUMENT**

By brief, the plaintiff argued that the administrative law judge committed reversible error when he discounted the plaintiff's claims of disabling pain without citing specific evidence that contradicts any specific symptom or limitation.

4

Additionally the plaintiff argued that the administrative law judge erred in finding he had transferrable skills of rendering first aid and handling emergency situations and that those skills are not transferrable to the jobs cited by the vocational expert. The plaintiff also noted that if the administrative law judge had not found that he had transferrable skills, the grids would have directed a finding that he was disabled.

## TRANSFERRABLE SKILLS

Social Security Ruling 82-41 discusses transferrable skills and the administrative law judge's duties regarding a finding that a claimant possesses transferrable skills. It reads in pertinent part:

> What a "skill" is. A skill is knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner. This includes activities like making precise measurements, reading blueprints, and setting up and operating complex machinery. A skill gives a person a special advantage over unskilled workers in the labor market.
> Skills are not gained by doing unskilled jobs, and a person has no special advantage if he or she is skilled or semiskilled but can qualify only for an unskilled job because his or her skills cannot be used to any significant degree in other jobs. The table rules in Appendix 2 are consistent with the provisions regarding skills because the same conclusion is directed for individuals with an unskilled work background and for those with a skilled or semiskilled work background whose skills are not transferable. A person's acquired work skills may or may not be commensurate with his or her formal educational attainment. ...
> When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are

>     transferable must be cited in the State agency's
>     determination or administrative law judge's decision.
>     Evidence that these specific skilled or semiskilled jobs
>     exist in significant numbers in the national economy should
>     be included (the regulations take administrative notice only
>     of the existence of unskilled sedentary, light, and medium
>     jobs in the national economy). This evidence may be
>     vocational experts' statements based on expert personal
>     knowledge or substantiation by information contained in the
>     publications listed in regulations sections 404.1566(d) and
>     416.966(d). It is important that these finds (sic) be made
>     at all levels of adjudication to clearly establish the basis
>     for the determination or decision for the claimant and for a
>     reviewing body including a Federal district court. ...

SSR 82-41

## DISCUSSION

The plaintiff's contention that the administrative law judge failed to follow the mandates of SSR 82-41 is correct and the action should be remanded for that purpose. The administrative law judge merely wrote, "He has a high school education and has transferrable skills from his prior skilled work." (Tr. p. 8) No attempt was made to identify which skills the plaintiff possessed and which skills were transferrable. Additionally, the administrative law judge failed to indicate what evidence of record he relied upon and the weight he assigned to that evidence to make his determinations regarding the plaintiff's transferrable skills. Nor did the administrative law judge indicate how the unspecified skills transferred to the two jobs[1] he found the plaintiff could perform. See, <u>Draegert v. Barnhart</u>, 311 F.3d 468 (2nd Cir. 2002) (reacting quickly in an emergency held to be merely a trait or an aptitude, not a job skill).

---

[1] The vocational expert identified four jobs, but the parties agree that two of the jobs are at the light exertional level while the administrative law judge found the plaintiff could perform sedentary work at the most.

In sum, the record in the present case does not permit the conclusion that the Commissioner carried her burden of showing that the plaintiff possessed vocational skills that were transferable to other work in the economy.

Remand to the Commissioner is appropriate "where additional administrative proceedings could remedy defects. . .". <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1989). That appears to be the case here and the Commissioner should be afforded the opportunity to reconsider the matter and produce a decision which comports with SSR 82-41 and which this court can review.

## CONCLUSION

Therefore, for the aforementioned reasons, it is recommended that pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case is remanded to the Commissioner for further proceedings consistent with this report and recommendation. <u>See</u>, <u>Melkonyan v. Sullivan</u>, 111 S.Ct. 2157 (1991). The Clerk of Court should enter a separate judgment pursuant to Fed. R. Civ. P. 58.

              Respectfully submitted,

              S/Robert S. Carr
              United States Magistrate Judge

Charleston, South Carolina,
April 29, 2005