IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William E. Colon, ) | |
| ) | C/A No. 2:04-22294-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Jo Anne Barnhart, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff William E. Colon brought this action to obtain judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits. See 42 U.S.C. § 405(g). On April 29, 2005, Magistrate Judge Robert S. Carr issued a Report and Recommendation in which he recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remanded for further proceedings consistent with the Report and Recommendation. The court adopted the Report and Recommendation by order filed May 13, 2005.

This matter now is before the court on motion for attorney's fees, costs, and expenses filed by Harriet McBryde Johnson, Esquire, counsel for Plaintiff, on June 2, 2005. Counsel moves for an order awarding attorney's fees of $3,438.30, costs of $150.00, and expenses of $27.53 under the Equal Access to Justice Act (EAJA), 42 U.S.C. § 2412. The Commissioner filed a response to the motion on June 22, 2005, to which plaintiff filed a reply on June 28, 2005. The Commissioner thereafter filed a sur-reply on July 13, 2005.

The Commissioner contends that the court should not award attorney's fees because the Commissioner's response was substantially justified. See 28. U.S.C. § 2412(d)(1)(A) (providing for

an award of fees, expenses, and costs incurred by a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). A position taken by the government is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 422, 565 (1988).

In this case, the Magistrate Judge found, and the Commissioner did not dispute by way of objections to the Report and Recommendation, that the administrative law judge (ALJ) had failed to follow the mandates of Social Security Rule (SSR) 82-41. SSR 82-41 deals with transferrable skills. The SSR requires that, when a finding is made that a social security claimant has transferrable skills, "the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the . . . [ALJ's] decision." Id.

> The Magistrate Judge noted that the ALJ
>
> merely wrote, "[Plaintiff] has a high school education and has transferrable skills from his prior skilled work." . . . No attempt was made to identify which skills the plaintiff possessed and which skills were transferrable. Additionally, the administrative law judge failed to indicate what evidence of record he relied upon and the weight he assigned to that evidence to make his determinations regarding the plaintiff's transferrable skills. Nor did the administrative law judge indicate how the unspecified skills transferred to the two jobs he found the plaintiff could perform.

Report and Recommendation, p. 6 (footnote omitted).

The Commissioner's position cannot be substantially justified when she accepts conclusory statements from an ALR, or when the ALJ fails to comply with the requirements of an SSR. See Reese v. Sullivan, 925 F.2d 1395, 1497 (11th Cir. 1991); Henderson v. Barnhart, 257 F. Supp. 1163, 1168 (E.D. Wis. 2002); Brindisi v. Barnhart, 2003 WL 21696195 (N.D. Ill. July 21, 2003)

(unpublished disposition). The court concludes that an award of attorney's fees, costs, and expenses is justified.

The Commissioner also objects to counsel's request for a cost-of-living increase to $157.00 per hour. The Commissioner contends that counsel should be compensated at the rate of $151.50 per hour in accordance with the South urban regional consumer price index for February 2005. The court finds the fee requested by Plaintiff to be reasonable and Defendant's objection to the fee requested to be without merit. Accordingly,

IT IS ORDERED that Plaintiff's motion for attorney's fees, costs and expenses under the EAJA be **granted** in the amount of $3,615.83 ($3,438.30 fees + $150.00 costs + $27.53 expenses).

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

October 24, 2005.